IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD HOSTETTER, )
              Plaintiff, )
               ) Civil No. 03-532-TC
v. )
               ) ORDER
BRIAN BELLEQUE, )
            Defendant. )

Magistrate Judge Thomas M. Coffin filed Findings and Recommendation on August 25, 2005, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

1   - ORDER

Plaintiff has timely filed objections. I have, therefore, given de novo review of Magistrate Judge Coffin's rulings.

Plaintiff seeks habeas relief asserting two grounds: (1) that his attorney failed to inform him of a plea that had been extended by the prosecutor and misadvised him of the potential sentencing risk upon jury conviction; (2) that his attorney failed to contact two witnesses who may have had exculpatory information. Judge Coffin recommended granting an evidentiary hearing on the issue of whether trial counsel was deficient for failing to contact witness Harold Stookey. I find no error in this finding and adopt it. Judge Coffin denied the petition as to the other grounds asserted.

Plaintiff objects to the magistrate granting deference to the State post-conviction trial court's finding Number 17 that plaintiff failed to prove he would have accepted a plea offer. Plaintiff argues that this finding did not apply to his argument that trial counsel failed to inform him of the plea offer. The objection is well-taken. Although plaintiff's credibility on the issue of whether he would have accepted the plea offer, thus demonstrating prejudice for counsel's failure, is in question, the issue is remanded for an evidentiary hearing and a de novo ruling by the magistrate.

Plaintiff objects to Judge Coffin's reliance on the State court finding number 17 to find that petitioner suffered no prejudice regarding his counsel's failure to properly advise on

sentence exposure. This issue relates to the failure to advise of a plea offer noted above. Although it appears the state court did not err in finding that had plaintiff been properly informed of the potential sentence upon conviction he still would have declined to enter a plea, the issue is remanded for an evidentiary hearing and de novo determination as it relates to whether plaintiff would have accepted the plea offer that he alleges his attorney failed to communicate.

Except as noted above, I ADOPT Magistrate Judge Coffin's Findings and Recommendation filed August 25, 2005. The petition is remanded for an evidentiary hearing on the issues noted above.

IT IS SO ORDERED.

DATED this 3rd day of Nov., 2005.

_Michael R. Hogan_
UNITED STATES DISTRICT JUDGE