IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD HOSTETTER, ) | |
| ) | |
| Petitioner, ) | Civil No. 03-532-TC |
| ) | |
| v. ) | FINDINGS OF FACT AND |
| ) | CONCLUSIONS OF LAW |
| BRIAN BELLEQUE, ) | |
| ) | |
| Respondent. ) | |

COFFIN, Magistrate Judge.

In its August 25, 2005 Findings and Recommendations ("F&R"), the court found that petitioner's allegations that his defense team failed to contact a potential witness with exculpatory evidence, if accurate, would constitute deficient performance. The court ordered an evidentiary hearing on that issue. Upon review of that F&R, the district court agreed that an evidentiary hearing on that issue was warranted, and also ordered this court to hear evidence on the question of whether petitioner would have accepted a plea offer that he alleges his attorneys failed to communicate to him

1 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

before his trial.[1]

The court held an evidentiary hearing on those issues on February 22, 2006. Both parties were allowed time to file final briefs on the two issues before the court, and both have now done so. After consideration of the petition, briefing, exhibits, and evidence offered at the evidentiary hearing, the court makes the following proposed findings of facts and recommends that the district court adopt the consequent conclusions of law. See Rules Governing Section 2254 Cases, Rule 8(b).

## FINDINGS OF FACT

1. Harold Stookey was an inmate at the Yamhill County Jail at the time that petitioner and fellow defendant John Harris were housed there prior to their trials related to the murder of Paul Mitchell.

2. According to Stookey, at some point during his time in the Yamhill County Jail, Harris stated to a group of inmates including Stookey that petitioner was not present at the time that Mitchell was shot, and that the gunshot Harris suffered was due to a ricocheting bullet.

3. Petitioner was aware of the statements made in Stookey's presence, and advised his attorneys about them.

4. Stookey was willing to testify regarding the statements made by Harris.

5. Although another individual who purportedly heard Harris' statements may have been contacted by petitioner's defense counsel, counsel never contacted Stookey to investigate what testimony he might have been able to provide, or to evaluate his credibility.

6. Counsel for petitioner failed to effectively communicate to him that the state had offered him a plea bargain for "a guidelines sentence."

7. Upon receiving accurate advice as to the potential sentence facing him upon a entering into the plea agreement versus upon a conviction, there is a reasonable possibility that petitioner would have accepted the plea offer.

---

[1] Intertwined with that issue is petitioner's assertion that his attorneys were ineffective for failing to properly advise him of the potential sentence he faced. That issue, having been previously addressed, is not squarely before the court, but is a factor in evaluating petitioner's claim that counsel was ineffective in failing to communicate the plea offer to him.

2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

## CONCLUSIONS OF LAW

1. The failure to contact Stookey was deficient performance under Strickland v. Washington, 466 U.S. 668 (1984). See, e.g., Wiggins v. Smith, 539 U.S. 510, 527-28 (2003) (finding that "counsel chose to abandon their investigation at an unreasonable juncture, making a fully informed decision with respect to sentence strategically impossible."); Summerlin v. Schriro, 427 F.3d 623 (9th Cir. 2005) ("Although we must defer to a lawyer's strategic trial choices, those choices must have been made after counsel has conducted reasonable investigations or made a reasonable decision that makes particular investigations unnecessary.") (citing Strickland; quotation marks omitted); Towns v. Smith, 395 F.3d 251, 258 (6th Cir. 2005) ("This duty [to investigate] includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence . . . The relevant question is not whether counsel's choices were strategic, but whether they were reasonable. A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them.") (citations and quotation marks omitted); Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir. 1991); Blackburn v. Foltz, 828 F.2d 1177, 1183 (6th Cir. 1987) (counsel's failure "to investigate a known and potentially important alibi witness" constituted ineffective assistance because "[c]ounsel did not make any attempt to investigate this known lead, nor did he even make a reasoned professional judgment that for some reason investigation was not necessary."); see also Clinkscale v. Carter, 375 F.3d 430, 443 (6th Cir. 2004) (collecting cases in which counsel's failure to investigate a potential witness constituted ineffective assistance).

2. It is impossible for this court to say that petitioner was not prejudiced by such failure. Prejudice, according to the United States Supreme Court, occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, at 694. A "reasonable probability" is something which undermines confidence in the outcome of the trial. Id. Although respondent argues that Stookey would not have been a credible witness and would not have swayed the jury in light of the evidence against petitioner, this court cannot say that the abject failure to contact him does not undermine confidence in the outcome of the trial. It may well be that defense counsel would have deemed Stookey lacking in credibility, maintained the same defense strategy, and chosen not to call him. However, it also may be that the defense would have reconsidered its strategy of simply letting the state's case stand and would have put on an active alibi defense with Stookey as a key witness. Without at least contacting Stookey to determine what exculpatory information he had and how credible he was, the defense could not intelligently make those decisions. Petitioner has demonstrated: (1) that Stookey would have informed defense counsel of Harris' exculpatory statements if he had been contacted; (2) that Stookey would have testified in accordance with exculpatory sections of his affidavits; and (3) that Stookey's testimony would have fit with the general theme of the defense that petitioner was not present at the time of the murder, or would otherwise have supported his defense. As such, the failure to contact Stookey was prejudicial to petitioner.

3 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

3. Because counsel's failure to contact Stookey constituted deficient performance and was prejudicial to petitioner, petitioner did not receive the effective assistance of counsel guaranteed by the Sixth Amendment. <u>Strickland</u>, <u>supra</u>.

4. As conceded by respondent, the failure to convey the state's plea offer to petitioner was deficient performance. Respondent's Closing Arguments (#69) at 9; <u>see</u>, <u>e.g.</u>, <u>Pham v. United States</u>, 317 F.3d 178, 183 (2nd Cir 2003) ("If there is any question whether failure to pursue plea negotiations is deficient performance, there is no dispute that failure to convey a plea offer is unreasonable performance.") (citations omitted); <u>Cullen v. United States</u>, 194 F.3d 404, 404 (2nd Cir 1999) ("Even if there might be circumstances where defense counsel need not render advice as to acceptance of a plea bargain, there can be no doubt that counsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution."); <u>United States v. Blaylock</u>, 30 F.3d 1458, 1466 (9th Cir. 1994) ("[W]e hold that an attorney's failure to communicate the government's plea offer to his client constitutes unreasonable conduct under prevailing professional standards.").

5. The failure to convey the state's plea offer was aggravated by counsel's miscalculation of the potential range of sentences faced by petitioner upon conviction. See <u>Cullen</u>, <u>supra</u> ("In this case, the failure to [communicate the plea offer] was aggravated by the absence of any advice concerning the plea bargain and the significantly inaccurate calculation of sentencing ranges upon a plea and upon conviction after trial.").

6. Because petitioner was misadvised about the actual potential sentences before him, it would have been impossible for him to adequately assess the potential benefit of the plea offered by the state. However, this court will not find, as respondent would have it do, that a constitutional wrong (failure to convey the plea offer) is somehow mitigated or made right by counsel's errors in calculating the potential sentence. That petitioner may have chosen not to accept the proffered plea bargain because he was given erroneous information about his possible sentence does not show a lack of prejudice; rather, it underscores that petitioner was deprived of his constitutional right to effective assistance of counsel. Simply put, counsel's failure prejudiced petitioner's ability to appropriately evaluate his options.

## CONCLUSION

Because of the failure to contact Harold Stookey and the failure to convey a plea bargain offered by the prosecution, petitioner's defense counsel did not provide him with the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

On the basis of the failure to contact Stookey, the court should grant the petition for a writ of habeas corpus, and should order respondent to release petitioner within a reasonable time unless

4 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

he is provided with a new trial.

On the basis of the failure to communicate the plea bargain offered by the state, the court should order that the state reinstate the plea offer made to petitioner prior to his original trial, and allow him a reasonable opportunity to consider that offer. See United States v. Morrison, 449 U.S. 361, 364 (1981); United States v. Blaylock, supra at 1468.

DATED this 10th day of May, 2006.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW